IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHARLES DUSTIN RICKETT,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY KIRKGARD, DARCY HUNT, MIKE BATISTA, BEN BOULEY, and KRISTY COBBAN,<br><br>Defendants. | CV 17-00002-H-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Charles Rickett filed a Complaint under 42 U.S.C. § 1983 alleging a denial of due process with regard to the deprivation of his property. Defendants Kirkegard, Hunt and Batista will be required to file a responsive pleading to Mr. Rickett's due process claim. Defendants Bouley and Cobban and Mr. Rickett's claims regarding his reclassification and grievances should be dismissed.

## I. STATEMENT OF THE CASE

### A. Parties

Mr. Rickett is a state prisoner proceeding in forma pauperis and without counsel. He is incarcerated at Montana State Prison ("MSP").

Mr. Rickett names the following Defendants: Leroy Kirkgard, Darcy Hunt, Mike Batista, Ben Bouley, and Kristy Cobban. (Complaint, Doc. 2 at 5.)

1

## B. Allegations

Based upon the allegations in the Complaint and information contained in the exhibits attached thereto it appears that Mr. Rickett was reclassified on June 21, 2016, to administrative segregation for three months to be followed by four months in max population. (December 13, 2016 OSR, Doc. 2-1 at 11.) As a result of this reclassification, a number of items of his property were confiscated because they were not allowed in administrative segregation.

In a September 19, 2016 response to Mr. Rickett's August 19, 2016 grievance, Defendant Kristy Cobban indicated that the confiscated items were listed on a "Summary Action" form which Mr. Rickett signed on June 25, 2016. (Doc. 2-1 at 7.) Mr. Rickett then had 30 days to request a SMR (special mailing request) for the property to be mailed out. He did not do so and per property procedures, his property was destroyed with the exception of his electronics which were to be made available to him once he was placed back in general population. (Grievance Appeal Response, Doc. 2-1 at 10.)

According to Mr. Rickett, Property Officer Darcy Hunt destroyed his property on or about July 25, 2016, while Mr. Rickett was in the process of appealing his reclassification. His appeal was submitted on July 11, 2016, and denied on July 12, 2016. (OSR Response, Doc. 2-1 at 12.) Mr. Rickett, however,

2

contends he never received a copy of the response to his classification appeal and that Unit Manager Ben Bouley responded to a kite falsely stating that he had responded to Mr. Rickett's appeal. (Complaint, Doc. 2 at 6.)

Mr. Rickett alleges Defendants Kristy Cobban and Mike Batista denied his grievance for relief of loss of property, property officer Darcy Hunt destroyed his property while he was in the process of appealing his current classification to locked housing, and Unit Manager Ben Bouley failed to respond to his appeal and gave false statements and deliberately misleading information to purposely deprive him of due process which resulted in the destruction of his property. He alleges Warden Kirkegard should be held liable because officers under his command failed to respond to his appeal which resulted in the destruction of his personal property. (Complaint, Doc. 2 at 6.)

## II. INITIAL SCREENING

Mr. Rickett is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). This rule requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Thus, a complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are

4

"merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing Fed.R.Civ.P.8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### III. ANALYSIS

Mr. Rickett raises claims regarding the destruction of his property, the

5

handling of his classification appeal, and allegedly false statements made in response to his grievances.

### A. Destruction of Property

Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property (one carried out pursuant to established state procedures) is actionable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 532, n. 13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985). Even when an inmate has a protected property interest in a particular item, it does not necessarily mean that the inmate may possess that item while incarcerated. Authorized property deprivations are permissible if conducted pursuant to a regulation that is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). An authorized deprivation occurs pursuant to "state law, regulation, or institutionalized practice," and the normal predeprivation hearing is required to satisfy due process. *Haygood v. Younger*, 769 F.2d 1350,1357 (9th Cir. 1985) (en banc), *cert. denied*, 478 U.S. 1020 (1986) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982)). The United States Supreme Court has consistently "held that some form of hearing is required before an individual is finally deprived of a property

interest." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557-558 (1974)).

Mr. Rickett alleges his property was confiscated and disposed of pursuant to prison regulations and official policies without affording him pre-deprivation due process. He alleges he was afforded 30 days in which to request to have his excess property mailed out, but this was less than the period to fully grieve official action and he was not advised of the result of his classification appeal during this period. Liberally construing the facts as presented by Mr. Rickett, the Court finds that he has sufficiently stated a due process claims regarding the deprivation of his property.

Section 1983 imposes individual liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights. *Monell v. Department of Social Services*, 436 U.S. 658, 691-94 (1978). This can be established in two ways. First, an individual can be held liable for their own personal acts which directly cause an injury. In order to make such a claim, a plaintiff must make specific factual allegations regarding what each defendant did or did not do. Mr. Rickett alleges property officer Darcy Hunt was personally responsible for the destruction of his property. Defendant Hunt will be required to respond to Mr. Rickett's due process claim.

Secondly, an individual can be held liable in their individual capacity under a theory of supervisory liability. "[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). Section 1983 will not impose liability on supervising officers under a respondeat superior theory of liability. *Monell*, 436 U.S. at 691-94. That is, a defendant cannot be held liable just because they supervise other employees. Instead, supervising officers can be held liable under § 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987).

A supervisor may be liable (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a reckless or callous indifference to the rights of others. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).

To the extent Defendants Kirkegard and Batista instituted procedures which resulted in Mr. Rickett being deprived of his property without due process, they

8

could also be held liable and will be required to file a response to Mr. Rickett's due process claim.

### B. False Statements/Grievance responses

Mr. Rickett alleges Unit Manager Ben Bouley failed to respond to his classification appeal and then made false statements stating that he had responded to the appeal. The creation of false evidence, standing alone, is not actionable under § 1983. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized). This claim should be dismissed.

Moreover, Mr. Rickett cannot pursue any claims against staff relating to their involvement in the administrative processing or review of his appeal or grievances. The existence of an inmate grievance or appeals process does not create a protected liberty interest upon which Mr. Rickett may base a claim that he was denied a particular result or that the process was deficient. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Liability may not be based merely on Mr. Rickett's dissatisfaction with the administrative grievance process or a decision on an appeal. *Ramirez*, 334 F.3d at 860; *Mann*, 855 F.2d at 640. These claims should also be dismissed.

## IV. CONCLUSION

The Court has considered whether Mr. Rickett's Complaint is frivolous, malicious, fails to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Mr. Rickett's due process claim regarding the destruction of his property is sufficient to state a claim against Defendants Hunt, Kirkegard, and Batista. These Defendants will be required to respond to these claims.

Mr. Rickett's allegations regarding false statements in grievance responses and other grievance responses are insufficient to state a claim and should be dismissed. As such, Defendants Cobban and Bouley should be dismissed.

Based upon the foregoing, the Court issues the following:

### ORDER

1. Defendants Hunt, Kirkegard, and Batista must respond to Mr. Rickett's due process claim regarding the destruction of his property.[1] Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Hunt, Kirkegard, and Batista to waive service of summons of Mr. Rickett's Complaint (Doc. 2) by executing, or having counsel execute, the Waiver of Service of Summons. The Waivers must be

---

[1] Defendants are not required to respond Mr. Rickett's remaining claims and Defendants Cobban and Bouley are not required to file a responsive pleading.

returned to the Court within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing**.  If Defendants Hunt, Kirkegard, and Batista choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B).  *See also* 42 U.S.C. § 1997e(g)(2).

2.  The Clerk of Court shall e-mail the following documents to Legal Counsel for the Montana Department of Corrections:

* Complaint (Doc. 2);
* this Order;
* a Notice of Lawsuit & Request to Waive Service of Summons; and
* a Waiver of Service of Summons.

Counsel for the Montana Department of Corrections will not be served with a hard copy of these documents.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in

letter form.

4. Mr. Rickett <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

5. Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

6. At all times during the pendency of this action, Mr. Rickett must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Rickett's claims regarding his grievances and false statements made therein should be DISMISSED.

2. Defendants Cobban and Bouley should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Rickett may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 26th day of July 2017.

/s/ John Johnston
John Johnston
United States Magistrate

---

(3) days are added after the period would otherwise expire.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHARLES DUSTIN RICKETT,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY KIRKGARD, DARCY HUNT, MIKE BATISTA, BEN BOULEY, and KRISTY COBBAN,<br><br>Defendants. | CV 17-00002-H-BMM-JTJ<br><br>Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |

TO: Legal Counsel for the Montana
     Department of Corrections
     P.O. Box 201301
     Helena, MT 59620-1301

A lawsuit has been filed against individuals you may represent in this Court under the number shown above. A copy of the Complaint (Doc. 2) is attached.

This is not a summons or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants

1

Hunt, Kirkegard, and Batista were served on the date the waiver is filed, but no summons will be served on Defendants Hunt, Kirkegard, and Batista and these Defendants will have 60 days from the date this notice is sent (see the date below) to answer the Complaint (Doc. 2).

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to serve the summons and Complaint (Doc. 2) on Defendants Hunt, Kirkegard, and Batista and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 26th day of July 2017.

 /s/ John Johnston
John Johnston
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be

required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHARLES DUSTIN RICKETT,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY KIRKGARD, DARCY HUNT, MIKE BATISTA, BEN BOULEY, and KRISTY COBBAN,<br><br>Defendants. | CV 17-00002-H-BMM-JTJ<br><br>Rule 4 Waiver of Service of Summons |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case. Defendants also received a copy of the Complaint (Doc. 2). I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but

1

waive any objections to the absence of a summons or of service.

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)