# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| CHARLES DUSTIN RICKETT,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY KIRKGARD, DARCY HUNT, MIKE BATISTA, BEN BOULEY, and KRISTY COBBAN,<br><br>Defendants. | CV-17-02-H-BMM<br><br>**ORDER** |

      Plaintiff Charles Rickett (Rickett) is a prisoner in the Montana State Prison. Rickett is proceeding in forma pauperis and without counsel. Rickett filed a Complaint on January 10, 2017. Rickett asserts denial of due process claims under 42 U.S.C. § 1983. (Doc. 2-1). The named Defendants include: Warden Leroy Kirkgard, property officer Darcy Hunt, supervisor Mike Batista, unit manager Ben Bouley, and prison employee Kristy Cobban.

      Rickett was reclassified on June 21, 2016, to administrative segregation for three months, followed by four months in max population. (Doc. 2-1 at 11). Rickett appealed his reclassification. The appeal was denied.

      Prison officials confiscated certain items of personal property belonging to Rickett as a result of the reclassification. The prison officials confiscated the personal property because it was not allowed in administrative segregation. Rickett

had 30 days to request that the confiscated property be preserved while he was in administrative segregation. Rickett made no such request before the 30-day deadline. Defendant Hunt destroyed some of the confiscated property pursuant to prison regulations. Rickett filed a grievance challenging the destruction of his personal property. Defendant Cobban was the prison employee who responded to the grievance.

Rickett alleges that Defendants Hunt, Kirkegard and Batista should be liable under § 1983 because they destroyed personal property that belonged to him without providing him with due process. Rickett alleges that Defendant Bouley should be liable under § 1983 because he stated falsely in reply to Rickett's kite that he had responded, in fact, to Rickett's reclassification appeal. Rickett claims that he received no response from Bouley. Rickett alleges that Cobban should be liable under § 1983 because she denied his grievance challenging the destruction of his property.

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on July 26, 2017. (Doc. 6). Judge Johnston recommended that the claims asserted against Defendants Bouley and Cobban be dismissed for failure to state a claim. (Doc. 6 at 9-10, 12). Rickett filed no objections to Judge Johnston's Findings and Recommendations.

The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

Section 1983 imposes individual liability on state actors when their personal conduct violates a plaintiff's constitutional rights. *Monell v. Department of Social Services*, 436 U.S. 658 691-94 (1978). Rickett's § 1983 claim against Bouley should be dismissed. No court has recognized a general right to accurate prison records grounded in the Due Process Clause. *See Hernandez v. Johnston*, 833 F.2d 1316, 1318-19 (9th Cir. 1987). A plaintiff must allege that the state has created a liberty interest in accurate record information in order to state a due process claim challenging the accuracy of a prison record. *Id.* Rickett's Complaint contains no allegations of a state-created right to accurate prison records under Montana law.

The claim against Cobban may be dismissed because the existence of an administrative grievance process creates no protected liberty interest upon which a prisoner may base a claim under § 1983. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Constitutional concerns are not raised even if prison officials fail to implement properly an

administrative appeal process. *Id.*; *see also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Accordingly, IT IS ORDERED:

The claims against Defendants Bouley and Cobban are DISMISSED with prejudice.

DATED this 2nd day of November, 2017.

Brian Morris
United States District Court Judge